■ In the Matter of DIANE WILLARD, Respondent, v TOWN BOARD OF THE TOWN OF HAMBURG et al., Appellants. (Appeal No. 1.) [629 NYS2d 581] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly determined that the appointment by respondent Town Board of the Town of Hamburg (Town Board) of respondent Carmen R. Kesner to the permanent position of Police Captain on March 14, 1994 was invalid. Kesner was appointed from an eligible list established on March 9, 1992. That list expired on March 4, 1994, the date that a new eligible list for that position was established. Neither the State Department of Civil Service nor the Erie County Department of Personnel "prescribed" that appointments could continue to be made from the old list (Civil Service Law § 56 [1]). Kesner's name was not on the new list.

We reject respondents' contention that Kesner was appointed to the permanent position of Police Captain in December 1993. The record unequivocally shows that the Town Board appointed Kesner to a temporary position, and the Town Board concedes as much. The assertion that the Town Board intended that appointment to be permanent is unsupported by evidence contemporaneous with that appointment. Moreover, the Town Board lacks the authority to appoint an employee to a permanent position retroactively (see, Matter of Montero v Lum, 68 NY2d 253, 259-260) even if the purpose was to change a temporary appointment to a permanent appointment because a temporary appointment allegedly was never intended. Appointments cannot be made from an expired eligible list (Matter of Deas v Levitt, 73 NY2d 525, 531, cert denied 493 US 933; Matter of Rigia v Koehler, 165 AD2d 525, 529), and an expired eligible list cannot be revived (see, Hurley v Board of Educ., 270 NY 275, 280). At the time the Town Board attempted to make the permanent appointment, Kesner was not on a current eligible list and could not be appointed to a permanent position.

We also reject the contention that Kesner could be appointed from the old list because the Commissioner of the Erie County Department of Personnel (Commissioner), on March 8, 1994, intended to allow appointments to continue to be made from that list. A decision authorizing a previous eligible list to continue beyond the date a new list is established must be made at or before the time the new list is established. Moreover, the Commissioner's unexpressed intention does not constitute such an authorization.

The court properly denied Kesner's motion to renew; such motion addresses a prior motion (see, CPLR 2221). When a proceeding has been reduced to a final judgment, however, the proper procedural remedy is a motion pursuant to CPLR 5015 (see, Matter of Unterman [Kaufman], 57 AD2d 745, 745-746; cf., Able v Able, 209 AD2d 972). In any event, the evidence relied upon by Kesner was not newly discovered, and he did not offer an explanation for the failure to submit that evidence on the return date of the petition (see, Lindsay v Funtime, Inc., 184 AD2d 1036). (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—CPLR art 78.) Present—Denman, P. J., Green, Wesley, Doerr and Balio, JJ.