■ In the Matter of ROBERT E. CURRY, JR., et al., Appellants, v VERTEX RESTORATION CORPORATION, Respondent. In the Matter of ROBERT E. CURRY, JR., et al., Appellants, v VERTEX RESTORATION CORPORATION, Respondent. [675 NYS2d 537] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered October 1, 1997, which denied petitioners' motion to renew their application for a permanent stay of arbitration, unanimously affirmed, with costs. Appeal from order, same court (William Davis, J.), entered February 11, 1998, staying the proceeding to vacate and cancel a mechanic's lien pending confirmation, vacatur or modification of the arbitration award, unanimously dismissed, without costs, as moot.

Petitioners' application to renew their petition to stay arbitration, which petition was untimely and had been dismissed as such (see, Matter of Propulsora Ixtapa Sur [Omni Hotels Franchising Corp.], 211 AD2d 546, 548, lv denied 85 NY2d 805; Matter of Worldwide Ins. Group v Wing, 202 AD2d 682, 683) in a judgment, was properly denied. Renewal is not a proper vehicle for obtaining relief from the judgment (see, Matter of Reed v County of Westchester, 243 AD2d 714; Matter of Willard v Town Bd., 216 AD2d 861, 862). In any event, petitioners have not explained their failure to show respondent's purported lack of a home improvement license at the time of their original application to stay arbitration, and having failed to make such explanation, have concomitantly failed to establish a requisite ground for renewal, namely, that the newly offered evidence could not with due diligence have been submitted in the first instance.

Finally, since the mechanic's lien that is the subject of the dispute underlying the appealed February 11, 1998 order has already been discharged, the appeal from such order is dismissed on the ground of mootness. Concur—Rosenberger, J. P., Ellerin, Nardelli, Wallach and Saxe, JJ.