■ In the Matter of RESIDENTS FOR A MORE BEAUTIFUL PORT WASHINGTON, INC., Appellant, v MAY W. NEWBURGER et al., Respondents, and HARBOR RIDGE ASSOCIATES, L. P., et al., Intervenors-Respondents. [721 NYS2d 788] —In a proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of the Department of Planning and Economic Development of the Town of North Hempstead dated February 19, 1999, granting conditional approval to an application for a minor modification to an approved site plan, the petitioner appeals from (1) a judgment of the Supreme Court, Nassau County (Levitt, J.), entered July 13, 1999, which denied the petition and dismissed the proceeding, and (2) an order of the same court dated January 12, 2000, which denied its motion, in effect, for leave to reargue.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents and intervenors-respondents appearing separately and filing separate briefs are awarded one bill of costs payable by the petitioner.

The petitioner commenced this CPLR article 78 proceeding, *inter alia*, to challenge a determination of the Department of Planning and Economic Development of the Town of North Hempstead, dated February 19, 1999, which approved a minor modification to an approved site plan. The petitioner failed to establish that the modification at issue would have any adverse environmental impact. Accordingly, the Supreme Court properly determined that to the extent the petitioner seeks review of the determination dated February 19, 1999, the petition failed to state a cause of action. Moreover, insofar as the petition alleges deficiencies in the original 1997 site plan approval, it is barred by the Statute of Limitations (*see,* Town Law § 274-a [11]).

The Supreme Court properly denied the petitioner's motion denominated as one for leave to renew and/or reargue. The petitioner did not justify its failure to present the allegedly new facts when it filed the petition (*see,* CPLR 2221 [e] [3]).

Therefore, the motion was, in effect, one for leave to reargue, the denial of which is not appealable (see, Matter of Eagle Ins. Co. v Lucero, 276 AD2d 695; CPLR 5701 [a] [2] [viii]). O'Brien, J. P., Friedmann, H. Miller and Schmidt, JJ., concur.