■ DEALY-DOE-EYES MADDUX, Appellant, v RONALD R. SCHUR, JR., Respondent. [791 NYS2d 704]—

Crew III, J.P. Appeal from an order of the Supreme Court (Best, J.), entered April 12, 2004 in Fulton County, which, inter alia, denied plaintiff's motion for summary judgment.

Plaintiff initially retained defendant to represent her in a tax certiorari case against the Town of Oppenheim, Fulton County, regarding the overassessment of property taxes for years 1994, 1995 and 1996. Defendant successfully negotiated a reduction in plaintiff's assessment and, by order entered August 1, 1997, Supreme Court directed, among other things, that plaintiff be issued a refund for the years in question. Although not entirely clear from the record, it appears that the Town thereafter raised plaintiff's assessment, prompting defendant to author several letters to the Town's tax assessor in an attempt to again have plaintiff's assessment reduced. Ultimately, in July 2000, defendant filed a motion on behalf of plaintiff to have the Town held in contempt for failing to comply with the terms of Supreme Court's August 1997 order.

In the interim, in or about 1996, defendant also represented plaintiff's husband, John Maddux, in a criminal matter wherein Maddux pleaded guilty to sexual abuse in the second degree. The infant complainant's parents thereafter threatened to commence a civil action against Maddux, and Maddux apparently paid defendant a $5,000 retainer to represent him in such action. Plaintiff alleges that she later was added as a named defendant in the civil action. In any event, according to defendant, he subsequently persuaded the complainant's parents to drop the civil suit, thus successfully concluding his representation of Maddux in this regard.

In July 2003, plaintiff commenced this legal malpractice action against defendant contending, among other things, that defendant was negligent in failing to recover certain fines and penalties against the Town in the context of the tax certiorari case and failed to refund the unused portion of the $5,000 retainer provided to defendant in connection with the threatened civil action.* Plaintiff then moved for a default judgment and/or summary judgment based upon defendant's alleged failure to sufficiently answer the complaint, and defendant crossmoved for summary judgment. Following oral argument, Supreme Court denied the parties' respective motions, prompting this appeal by plaintiff.

We affirm. Preliminarily, we agree with Supreme Court that plaintiff is not entitled to a default judgment based upon the perceived deficiencies in defendant's answer. The CPLR requires only that a defendant's answer contain denials of those allegations contained in the complaint believed to be untrue (see CPLR 3018) and that any defense asserted be "sufficiently particular" to provide the court and the plaintiff with notice of the facts upon which such defense is based (CPLR 3013). Simply put, defendant's answer meets that test here.

Turning to the merits, in order to sustain a cause of action for legal malpractice, plaintiff was required to demonstrate that an attorney-client relationship existed between her and defendant, that defendant's representation of her was negligent, that such negligence was the proximate cause of the loss sustained by plaintiff and, finally, that plaintiff suffered actual and ascertainable damages (see Tabner v Drake, 9 AD3d 606, 609 [2004]; Ehlinger v Ruberti, Girvin & Ferlazzo, 304 AD2d 925, 926 [2003]). Although there does not appear to be any dispute that defendant represented plaintiff in the context of the tax certiorari proceeding, the scope and extent of defendant's representation in that matter, i.e., what defendant was hired to do and what he actually did, is not entirely clear from the record before us. Although plaintiff faults defendant for failing to obtain "fines and penalties" against the Town in that proceeding, there is a question of fact as to plaintiff's entitlement to such additional allowances (see RPTL 722), which, in turn, impacts plaintiff's ability to demonstrate damages. With regard to defendant's alleged representation of plaintiff in the threatened civil action against Maddux, the record on appeal fails to conclusively establish that defendant did in fact represent plaintiff in that matter and, further, evidences a factual

---

* It appears that some portion of this retainer may have been applied to work performed in connection with the contempt motion filed in July 2000.

dispute between the parties as to the actual work performed by defendant in his defense of the civil action (as opposed to defendant's prior attempt to reopen Maddux's criminal conviction), the manner in which the civil action was concluded and the reasons therefor and, finally, the disposition of the unused portion of the underlying retainer. Given these numerous questions of fact, Supreme Court properly denied the respective motions for summary judgment.

Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

