■ In the Matter of MARGARET T. MCCABE, Appellant, v TOWN OF CLARKSTOWN BOARD OF APPEALS et al., Respondents. [817 NYS2d 507]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Clarkstown Board of Appeals, dated March 29, 2004, which, after a hearing, granted an area variance to Kevin McParland and Ann Marie McParland, the petitioner appeals from (1) a judgment of the Supreme Court, Rockland County (Kelly, J.), dated August 11, 2004, which denied the petition and dismissed the proceeding, and (2) an order of the same court dated April 5, 2005, which denied the petitioner's motion for leave to renew.

Ordered that the judgment and the order are affirmed, with one bill of costs payable to the respondent Town of Clarkstown Board of Appeals.

Broad discretion is vested in local zoning boards in considering applications for area variances. Judicial review is limited to determining whether the action taken by the board was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 613 [2004]; *Matter of Martino v Board of Zoning Appeals of Inc. Vil. of Great Neck Plaza,* 26 AD3d 382, 383 [2006]).

In making its determination whether to grant an area variance, a zoning board of appeals is required, pursuant to Town Law § 267-b (3), to engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see Matter of Ifrah v Utschig,* 98 NY2d 304, 307 [2002]; *Matter of Owens v Zoning Bd. of Appeals of Town of Islip,* 255 AD2d 587 [1998]). The zoning board is required to consider whether: (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some

other method, feasible for the applicant to pursue, other than an area variance, (3) the requested area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district, and (5) the alleged difficulty was self-created (*see* Town Law § 267-b [3] [b]; *Matter of Efraim v Trotta,* 17 AD3d 463, 464 [2005]).

The respondent Town of Clarkstown Board of Appeals properly applied Town Law § 267-b (3) in considering the application of the respondents Kevin McParland and Anne Marie McParland for an area variance. Its determination granting the variance was not illegal, arbitrary or capricious, or an abuse of discretion; to the contrary, it was rational (*see Matter of O'Connell v Knowlton,* 21 AD3d 1105, 1106-1107 [2005]; *Matter of Ferraris v Zoning Bd. of Appeals of Vil. of Southampton,* 7 AD3d 710, 711 [2004]; *Matter of Bracke v Zoning Bd. of Appeals of Town of Philipstown,* 304 AD2d 663, 664 [2003]; *Matter of Conners v Zoning Bd. of Appeals of Town of Hempstead,* 249 AD2d 473 [1998]).

As a judgment dismissing a CPLR article 78 petition is a final judgment terminating the proceeding, the petitioner should have moved for relief pursuant to CPLR 5015 and not by way of a motion for leave to renew under CPLR 2221 (*see Matter of Reed v County of Westchester,* 243 AD2d 714, 714-715 [1997]; *Matter of Willard v Town Bd. of Town of Hamburg,* 216 AD2d 861, 862 [1995]). In any event, the allegedly new evidence failed to proffer any additional facts that would change the prior determination, and the petitioner failed to provide a reasonable excuse why the allegedly new facts were not presented when she filed the petition (*see Simpson v Cook Pony Farm Real Estate, Inc.,* 12 AD3d 496, 498 [2004]; *Matter of Residents for More Beautiful Port Washington v Newburger,* 281 AD2d 484 [2001]; *Matter of Citywide Factors v New York City School Constr. Auth.,* 228 AD2d 499, 500 [1996]). Accordingly, her motion for leave to renew was properly denied.

The petitioner's remaining contentions lack merit. Crane, J.P., Mastro, Skelos and Dillon, JJ., concur.