■ DEALY-DOE-EYES MADDUX, Appellant, v RONALD R. SCHUR, JR., Respondent. [861 NYS2d 814]—

---

Kane, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered May 25, 2007 in Fulton County, which denied plaintiff's motion to vacate a prior order of the court.

In this legal malpractice action, this Court previously affirmed the denial by Supreme Court (Best, J.) of, among other things, the parties' motions for summary judgment (16 AD3d 873 [2005]). Thereafter, a jury trial was convened in December 2005 and, at the close of plaintiff's proof, the court dismissed the case. In March 2007, plaintiff brought the present motion, purportedly pursuant to CPLR 2221, asserting that the court should vacate its prior order of dismissal based upon newly discovered evidence. Opting to treat plaintiff's motion as one to be relieved from a prior judgment (see CPLR 5015), Supreme Court (Aulisi, J.) denied the motion, concluding that plaintiff failed to prove that the evidence would probably have altered the outcome and that the evidence could not have been discovered earlier. Plaintiff now appeals and we affirm.

Initially, we note that a motion to renew pursuant to CPLR 2221 is not the proper procedural vehicle to address a final judgment and Supreme Court properly treated plaintiff's motion as a motion pursuant to CPLR 5015 to be relieved from the prior order of dismissal and its resulting judgment (see Gorman v Hess, 301 AD2d 683, 686 [2003]; Matter of Urbach, 252 AD2d 318, 320-321 [1999]).

Next, we agree with Supreme Court that plaintiff did not sustain her burden of establishing that the newly discovered evidence could not, with due diligence, have been discovered earlier (see CPLR 5015 [a] [2]; Evergreen Bank v Dashnaw, 262 AD2d 737, 738 [1999]). A motion pursuant to CPLR 5015 to vacate a judgment or order is addressed to the trial court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion (see Solomon v Solomon, 27 AD3d 988, 989 [2006]). Here, the alleged newly discovered evidence submitted by plaintiff consisted of a letter dated July 12, 2006 from the Chief Clerk of the Fulton County Supreme and County Courts stating, among other things, that a motion for contempt had apparently been granted without appearances in August 2000. Although plaintiff claims in her appellate brief that Supreme Court and the County Clerk's office were not helpful in assisting her to obtain this evidence, plaintiff offered no record evidence that, with due diligence, she could not have discovered this evidence prior to trial or within a reasonable time thereafter (see CPLR 5015 [a] [2]; Evergreen Bank v Dashnaw, 262 AD2d at 738). Under the circumstances, the court did not abuse its discretion in denying plaintiff's motion.

Mercure, J.P., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.