██ DEALY-DOE-EYES MADDUX, Appellant, v RONALD R. SCHUR, JR., Respondent. [920 NYS2d 812]—

Kavanagh, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered October 26, 2009 in Fulton County, which denied plaintiff's motion to vacate a prior order of the court.

Defendant, an attorney, represented plaintiff in a tax assessment proceeding that she initiated against the Town of Oppenheim, Fulton County, during which she contends the Town was held in contempt. In 2003, plaintiff commenced this legal malpractice action against defendant alleging that he never filed an order with Supreme Court memorializing the contempt finding it issued against the Town and, as a result, was negligent in the legal representation that he provided her in that proceed-

---

3. This medical documentation is not included in the record on appeal.

ing.[1] After plaintiff completed the presentation of her proof at trial, Supreme Court granted defendant's motion to dismiss.

Subsequently, plaintiff filed a motion to renew (*see* CPLR 2221 [e]) seeking to reopen her action against defendant on the ground that she had recently received a letter from the Chief Clerk of the Supreme and County Courts in Fulton County that constituted new evidence confirming that the Town had been held in contempt in the tax assessment proceeding. Initially, Supreme Court determined that plaintiff was, in fact, not filing a motion to renew but, instead, was filing a motion to be relieved from the effects of a prior judgment (*see* CPLR 5015). After making that determination, Supreme Court denied plaintiff's motion because she had failed to demonstrate that she had acted with due diligence in the discovery of this evidence and, even if it had been available at trial, plaintiff did not establish that there would have been a different result.[2]

One year later, plaintiff filed another motion to renew (*see* CPLR 2221 [e]), once again claiming that she had discovered new evidence which, if admitted at trial, would have resulted in a finding that defendant was negligent. This evidence included papers filed by defendant in support of the application seeking a contempt citation against the Town, as well as letters that plaintiff received from the Supreme and County Court Clerk's office documenting her efforts to establish that a contempt finding had been issued against the Town. Supreme Court again converted plaintiff's application into a motion to be relieved from a prior judgment (*see* CPLR 5015) and denied it because the evidence submitted by plaintiff was not new, nor would it have made a difference if introduced into evidence at trial. Plaintiff now appeals.

We affirm. Initially, we note, as we did in plaintiff's prior appeal, that "a motion to renew pursuant to CPLR 2221 is not the proper procedural vehicle to address a final judgment and Supreme Court properly treated plaintiff's motion as a motion pursuant to CPLR 5015 to be relieved from the prior order of dismissal and its resulting judgment" (53 AD3d 738, 739 [2008]). Furthermore, inasmuch as "[a] motion pursuant to CPLR 5015 to vacate a judgment or order is addressed to the trial court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (*id.*), which we

---

1. Initially, Supreme Court (Best, J.) denied both parties' motions for summary judgment, and this Court affirmed that order (*Maddux v Schur*, 16 AD3d 873 [2005]).

2. This order was subsequently affirmed by this Court (*Maddux v Schur*, 53 AD3d 738 [2008]).

do not find here, Supreme Court's order denying plaintiff's motion must be affirmed.

Peters, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, without costs.