# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

95

CA 11-00894

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND MARTOCHE, JJ.

---

YVONNE HANDEL, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

DENNIS P. HANDEL, DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

ENOS AND ENOS, ROCHESTER (CHRISTOPHER J. ENOS OF COUNSEL), FOR PLAINTIFF-APPELLANT.

PIRRELLO, MISSAL, PERSONTE & FEDER, ROCHESTER (MICHAEL J. PERSONTE OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Elma A. Bellini, J.), entered August 3, 2010. The order, among other things, denied plaintiff's motion seeking permission to relocate with the parties' child to the State of Florida.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, plaintiff mother appeals from an order that, inter alia, denied her motion seeking permission for the parties' child to relocate with her to Boca Raton, Florida. We affirm. Supreme Court properly applied the factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727, 740-741) in determining that the mother failed to meet her burden of demonstrating that the proposed relocation was in the best interests of the child. Inasmuch as the court's determination has a sound and substantial basis in the record, we decline to disturb it (*see Matter of Rauch v Keller*, 77 AD3d 1409; *Matter of Cunningham v Sudduth*, 50 AD3d 1623).

Following the order in appeal No. 1, the mother moved for leave to renew her prior motion pursuant to CPLR 2221 (e). By the order in appeal No. 2, the court treated that motion as one to vacate the order in appeal No. 1 pursuant to CPLR 5015 (a) (2) and denied the motion. We affirm. The mother's contention that the court erred in treating her motion as one to vacate the prior order is unpreserved for our review inasmuch as she failed to object with respect to that issue during oral argument on the motion (*see generally* CPLR 4017). Further, the court did not abuse its discretion in denying the mother's motion for leave to vacate the prior order (*see generally*

*Maddux v Schur*, 53 AD3d 738, 739).

Entered:  February 17, 2012                    Frances E. Cafarell
                                              Clerk of the Court