■ DEALY-DOE-EYES MADDUX, Appellant, v RON SCHUR,[1] Respondent. [962 NYS2d 429]—

Garry, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered December 19, 2011 in Fulton County, which partially granted plaintiff's motion to, among other things, vacate the judgment of the court.

Plaintiff commenced two legal malpractice actions against defendant, the second of which proceeded to trial and was dismissed by Supreme Court at the close of her proof. She has repeatedly sought, without success, to vacate the order of dismissal in that case (*Maddux v Schur*, 83 AD3d 1156 [2011]; *Maddux v Schur*, 53 AD3d 738 [2008]). Plaintiff then moved for a variety of relief, including to "clarify" the status of the two actions. Supreme Court found that the first action remained pending and otherwise denied plaintiff's motion, and plaintiff appeals.

We affirm. Initially, to the extent that plaintiff is asserting a claim relative to the second action, including claims pursuant to CPLR 2221 or 5015 in that action, we agree with Supreme Court that it has already "proceeded through a well litigated course," and find the application to be repetitive, lacking grounds that could not have been presented in the prior proceedings (*see Maddux v Schur*, 83 AD3d at 1157-1158; *Maddux v Schur*, 53 AD3d at 739; *see also Lambert v Schreiber*, 95 AD3d 1282, 1283 [2012]). Further, we discern no error in Supreme Court's determination that there had been no prior application to consolidate and join the two actions (*see* CPLR 602 [a]), nor in its direction for the parties to proceed to a conference before the court.[2] Plaintiff's remaining arguments have been considered and found to be without merit.

Peters, P.J., Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

**1.** Although we are using a caption in the form set forth by plaintiff in her various papers on this appeal, we note that our decision, in fact, pertains to the action asserted against "Attorney Ron Schur," bearing Fulton County index No. 87363.

**2.** Defendant requests reversal, and dismissal of the first action, arguing that plaintiff has herself previously treated the two actions as joined or consolidated, and that the trial involved both actions. While there may be common allegations or claims stated within the two actions, such that some of the issues may have been addressed at the trial, there was no cross appeal (*see Hecht v City of New York*, 60 NY2d 57, 63 [1983]), nor did either party provide the complaint from the first action.