# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1171**

**CA 14-00173**

PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF SYNERGY, LLC AND SYNERGY
BIOGAS, LLC, PETITIONERS-APPELLANTS,

V                                                              MEMORANDUM AND ORDER

SUSAN KIBLER, ASSESSOR, TOWN OF COVINGTON,
TOWN OF COVINGTON BOARD OF ASSESSMENT REVIEW,
RESPONDENTS-RESPONDENTS,
AND WYOMING CENTRAL SCHOOL DISTRICT,
INTERVENOR-RESPONDENT.
(APPEAL NO. 1.)

---

BOND, SCHOENECK & KING, PLLC, ROCHESTER (KARL S. ESSLER OF COUNSEL),
FOR PETITIONERS-APPELLANTS.

DIMATTEO LAW OFFICE, WARSAW (DAVID M. ROACH OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

HARRIS BEACH PLLC, PITTSFORD (J. RYAN WHITE OF COUNSEL), FOR
INTERVENOR-RESPONDENT.

SUSAN G. ROSENTHAL, NEW YORK STATE DEPARTMENT OF AGRICULTURE AND
MARKETS, ALBANY (JOHN F. RUSNICA OF COUNSEL), FOR COMMISSIONER OF THE
NEW YORK STATE DEPARTMENT OF AGRICULTURE AND MARKETS, AMICUS CURIAE.

---

Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered June 24, 2013 in a proceeding pursuant to RPTL article 7. The judgment denied the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners own and operate a facility that generates electricity from biogas produced by the anaerobic digestion of livestock manure. The manure used by the facility is obtained from a dairy farm owned and operated by petitioners, and the electricity produced by the facility is used for the operation of the dairy farm and is sold to the electrical grid. Petitioners commenced this proceeding pursuant to RPTL article 7 seeking, inter alia, review of respondents' determination that petitioners were not entitled to a tax exemption for the facility pursuant to RPTL 483-a (former [1]), the version of the statute in effect at the time the petition was filed. After Supreme Court denied the petition, petitioners moved pursuant to CPLR 2211 (d) and (e) for leave to renew and reargue the petition.

The court denied the motion.

In appeal No. 1, petitioners appeal from the judgment that denied the petition.  In appeal No. 2, petitioners appeal from an order that denied their motion for leave to renew and reargue the petition.  We note at the outset with respect to appeal No. 2 that the appeal from the order therein must be dismissed to the extent that Supreme Court denied leave to reargue (*see Empire Ins. Co. v Food City*, 167 AD2d 983, 984).  We further note that a motion for leave to renew pursuant to CPLR 2221 is not the proper procedural vehicle to address a final judgment, but we conclude that petitioners' motion to renew should be treated as a motion pursuant to CPLR 5015 to vacate the judgment in the interest of justice (*see Maddux v Schur*, 53 AD3d 738, 739; *see generally Ruben v American & Foreign Ins. Co.*, 185 AD2d 63, 67).

In appeal No. 1, petitioners contend that the facility is entitled to a tax exemption pursuant to RPTL 483-a (former [1]) because it is a "manure storage and handling" facility as contemplated by that statute.  We reject that contention.  Inasmuch as petitioners' contention involves "a question of statutory interpretation, we turn first to the plain language of the statute[] as the best evidence of legislative intent" (*Matter of Malta Town Ctr. I, Ltd. v Town of Malta Bd. of Assessment Review*, 3 NY3d 563, 568).  The former version of the statute provided that "[s]tructures permanently affixed to agricultural land for the purpose of preserving and storing forage in edible condition, farm feed grain storage bins, commodity sheds, manure storage and handling facilities, and bulk milk tanks and coolers used to hold milk awaiting shipment to market shall be exempt from taxation, special ad valorem levies and special assessments" (RPTL 483-a [former (1)]).  We conclude that the anaerobic digester facility is not a "manure storage and handling" facility as contemplated by RPTL 483-a (former [1]) because the facility is not used simply to store and handle manure.  Petitioners' facility uses an anaerobic digester to produce biogas from the manure, which is then used to generate electricity, and the statute does not provide a tax exemption for an anaerobic digester or an electrical generator.  Notably, another provision of RPTL article 4 defines the term "farm waste generating equipment" as "equipment that generates electric energy from biogas produced by the anaerobic digestion of agricultural waste" (RPTL 487 [1] [e]), but such equipment was not included among the enumerated structures in RPTL 483-a (former [1]).  Furthermore, "words employed in a statute are construed in connection with, and their meaning ascertained by reference to the words and phrases with which they are associated" (McKinney's Cons Laws of NY, Book 1, Statutes § 239 [a]), and the plain language of RPTL 483-a (former [1]) establishes that the tax exemption is applicable to structures used for the storage of agricultural materials, and not to structures used for the generation of energy.

In appeal No. 2, petitioners contend that the facility is entitled to a tax exemption pursuant to an amendment to RPTL 483-a that was adopted by the Legislature after the petition was filed (*see* L 2013, ch 272, § 1).  Contrary to petitioners' contention, the amendment to RPTL 483-a cannot be applied retroactively because the

Legislature explicitly stated that the amendment "shall apply to taxable status dates occurring on or after such effective date," i.e., July 31, 2013 (L 2013, ch 272, § 3).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court