GALASSO, LANGIONE & BOTTER, LLP, Respondent, v ANTHONY P. GALASSO et al., Respondents. THOMAS F. LIOTTI, Nonparty Appellant. (And Another Title.) [4 NYS3d 549]—

In related actions, inter alia, to recover damages for negligence and breach of contract, nonparty Thomas F. Liotti appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (DeStefano, J.), dated September 25, 2012, as denied his motion, in effect, to vacate a stipulation of settlement and a judgment imposing sanctions against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The nonparty appellant is the former attorney for the defendant Anthony P. Galasso. The Supreme Court properly denied that branch of the nonparty appellant's motion which was, in effect, to set aside a stipulation of settlement entered into between the parties in the above-entitled actions. The nonparty appellant was never a party to these actions, no longer represented any of the parties at the time this motion was made, and did not claim any interest in the settlement of the actions. Thus, he lacked standing to question the actions taken by the parties in settling their dispute (*see Monteleon v Monteleon*, 163 AD2d 372 [1990]). In any event, the nonparty appellant failed to demonstrate a basis for setting aside the stipulation of settlement (*see Yan Ping Liang v Wei Xuan Gao*, 118 AD3d 696 [2014]).

The Supreme Court also properly denied that branch of the nonparty appellant's motion which was, in effect, to vacate a judgment imposing sanctions against him, made on the grounds of newly discovered evidence or fraud. The nonparty appellant failed to present either newly discovered evidence which, if introduced at trial, would have produced a different result (*see* CPLR 5015 [a] [2]), or any evidence of fraud on the part of the adverse parties (*see* CPLR 5015 [a] [3]). Leventhal, J.P., Hall, Maltese and Barros, JJ., concur.