■ In the Matter of FRANCO BELLI PLUMBING AND HEATING AND SONS, INC., Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent. [38 NYS3d 30]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City School Construction Authority dated March 12, 2012, which, inter alia, after a hearing, disqualified the petitioner from bidding, contracting, and subcontracting on any future project of the New York City School Construction Authority for a period of five years, the petitioner appeals from an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), dated June 12, 2014, which denied its motion pursuant to CPLR 2221 (e) for leave to renew its petition, which was denied in a judgment of the same court dated December 21, 2012, or, in the alternative, pursuant to CPLR 5015 (a) (2) to vacate the judgment.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court's determination denying that branch of the petitioner's motion which was for leave to renew its petition pursuant to CPLR 2221 (e), albeit on grounds different from those the court relied upon. In a judgment dated December 21, 2012, the court denied the petitioner's petition seeking to annul a particular determination of the New York City School Construction Authority and dismissed the CPLR article 78 proceeding (*see Matter of Franco Belli Plumbing & Heating & Sons, Inc. v New York City Sch. Constr. Auth.*, 142 AD3d 1010 [2d Dept 2016] [decided herewith]). Since "a judgment dismissing a CPLR article 78 petition is a final judgment terminating the proceeding," CPLR 2221 is not the proper procedural mechanism to address the judgment (*Matter of McCabe v Town of Clarkstown Bd. of Appeals*, 31 AD3d 451, 452 [2006]; *see Matter of Synergy, LLC v Kibler*, 124 AD3d 1261, 1262 [2015]; *Maddux v Schur*, 53 AD3d 738, 739 [2008]; *Matter*

*of Curry v Vertex Restoration Corp.*, 252 AD2d 360 [1998]; *Matter of Reed v County of Westchester*, 243 AD2d 714, 714-715 [1997]).

In addition, the Supreme Court properly denied that branch of the petitioner's motion which was to vacate the judgment pursuant to CPLR 5015 (a) (2). In support of its motion, the petitioner submitted certain interrogatory responses dated May 14, 2013, and the transcript of a deposition conducted on July 16, 2013. Those submissions did not constitute newly discovered evidence within the meaning of CPLR 5015 (a) (2) since they were not in existence at the time the judgment was issued (*see Matter of Monasterska v Burns*, 121 AD3d 902, 902 [2014]; *Davi v Occhino*, 116 AD3d 651, 653 [2014]; *Chase Home Fin., LLC v Quinn*, 101 AD3d 793, 793 [2012]; *Coastal Sheet Metal Corp. v RJR Mech. Inc.*, 85 AD3d 420, 421 [2011]).

Moreover, in order for relief to be granted under CPLR 5015 (a) (2), the movant must present "newly discovered evidence which, if introduced at trial, would have produced a different result" (*Galasso, Langione & Botter, LLP v Galasso*, 127 AD3d 687, 688 [2015]; *see Stipo v Carpenito*, 92 AD3d 864, 865 [2012]; *Tornheim v Blue & White Food Prods. Corp.*, 88 AD3d 869, 869 [2011]). Contrary to the petitioner's contention, certain photographs that were introduced into evidence at the administrative hearing and which were part of the record in the underlying CPLR article 78 proceeding upon which the judgment was based cannot serve as a basis for vacatur under CPLR 5015 (a) (2). Accordingly, the Supreme Court properly determined that no basis existed for granting relief under CPLR 5015 (a) (2).

The petitioner's remaining contentions either are without merit or need not be reached in light of our determination. Hall, J.P., Austin, Miller and Maltese, JJ., concur.