# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1224.2**
**CA 16-01425**
PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF ISKALO 5000 MAIN LLC AND
ISKALO 5010 MAIN LLC, PETITIONERS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

TOWN OF AMHERST INDUSTRIAL DEVELOPMENT AGENCY,
RESPONDENT-APPELLANT.
------------------------------------------------
COUNTY OF ERIE, INTERVENOR-RESPONDENT-APPELLANT.
(APPEAL NO. 2.)

---

HURWITZ & FINE, P.C., BUFFALO (ANDREA SCHILLACI OF COUNSEL), FOR
RESPONDENT-APPELLANT.

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (JEREMY C. TOTH OF
COUNSEL), FOR INTERVENOR-RESPONDENT-APPELLANT.

HOPKINS, SORGI & ROMANOWSKI PLLC, WILLIAMSVILLE (SEAN W. HOPKINS OF
COUNSEL), FOR PETITIONERS-RESPONDENTS.

---

Appeals from a judgment (denominated order) of the Supreme Court, Erie County (John L. Michalski, A.J.), entered July 29, 2016 in a proceeding pursuant to CPLR article 78. The judgment reversed the determination of respondent denying the application of petitioners, granted the application of petitioners and denied the request of respondent for attorney's fees.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by dismissing the petition and reinstating the determination, and as modified the judgment is affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul and reverse the determination of respondent, Town of Amherst Industrial Development Agency (AIDA), denying petitioners' application for financial assistance in the form of various tax exemptions in connection with a renovation project of the former Lord Amherst Hotel and an on-site restaurant. In appeal No. 1, AIDA and intervenor-respondent, County of Erie (County), appeal from a judgment entered June 30, 2016, by which Supreme Court reversed AIDA's determination denying petitioners' application, granted the application, and denied AIDA's request for attorney's fees. In appeal No. 2, AIDA appeals from a subsequent judgment entered July 29, 2016, by which the court reiterated the terms of its judgment entered June

30, 2016, but added a written decision.  We note at the outset that appeal No. 1 must be dismissed inasmuch as the earlier judgment was superseded by the later judgment (*see Legarreta v Neal*, 108 AD3d 1067, 1068; *see generally Matter of Eric D.* [appeal No. 1], 162 AD2d 1051, 1051).  Further, although the County appealed from only the earlier judgment, we exercise our discretion to treat its notice of appeal as valid and deem its appeal to be from the superseding judgment (*see generally* CPLR 5520 [c]).

We agree with AIDA and the County (collectively, respondents) that the court erred in reversing AIDA's determination denying petitioners' application for financial assistance, and we modify the judgment in appeal No. 2 accordingly.  Pursuant to a 2013 amendment to General Municipal Law § 862, industrial development agencies such as AIDA are prohibited from providing financial assistance "in respect of any project where facilities or property that are primarily used in making retail sales to customers who personally visit such facilities constitute more than one-third of the total project cost" (§ 862 [2] [a]).  In addition to other exceptions not relevant to this appeal, however, the prohibition does not apply to "tourism destination projects" (*id.*).  The statute defines a "tourism destination" as "a location or facility which is likely to attract a significant number of visitors from outside the economic development region . . . in which the project is located" (*id.*).

"It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature . . . , and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used" (*Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208; *see Matter of Synergy, LLC v Kibler*, 124 AD3d 1261, 1262, *lv denied* 25 NY3d 967).  In section 862 (2) (a), the Legislature chose to use the word *attract*, which, in the context of this case, means "to cause to approach or adhere" or "to draw to or toward oneself" (Webster's Third New International Dictionary 141 [2002]).  We thus conclude that the Legislature intended there to be a causal link between a project's location or facilities and visitors coming from outside the economic development region.  Here, however, the materials submitted by petitioners to AIDA in connection with their application demonstrate, at most, that the project location or facilities would *be used by* or *cater to* visitors from outside the economic development region.  Those visitors may come to the economic development region for any number of reasons independent of petitioners' project and simply choose to use the project's facilities rather than lodge or dine at any of the other available options.  Petitioners made no showing that the project location or facilities would likely *cause* visitors to come from outside the economic development region, as required by the plain language of section 862 (2) (a).  Inasmuch as petitioners failed to show that the project fell within the "tourism destination" exception to the general prohibition on providing financial assistance in connection with retail projects (§ 862 [2] [a]), AIDA's determination must be sustained because it is supported by a rational basis in the record (*see Matter of Peckham v Calogero*, 12 NY3d 424, 431; *Matter of Civil Serv. Empls. Assn., Local*

*1000, AFSCME, AFL-CIO v New York State Unified Ct. Sys.*, 138 AD3d 1444, 1445). Moreover, we further conclude that AIDA's determination was not affected by an error of law inasmuch as its interpretation of section 862 is not "irrational or unreasonable" (*Matter of Koch v Sheehan*, 95 AD3d 82, 89, *affd* 21 NY3d 697).

Contrary to petitioners' contention, we conclude that AIDA's previous determinations did not render its instant determination arbitrary and capricious. Although "[a] decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reasons for reaching a different result on essentially the same facts is arbitrary and capricious" (*Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 93 [internal quotation marks omitted]), that rule is not applicable here. The denial of petitioners' instant application is not inconsistent with AIDA's determinations on petitioners' 2011 and 2012 applications or on applications submitted by other applicants because those applications did not involve "essentially the same facts" (*id.* [internal quotation marks omitted]).

Petitioners contend that AIDA's determination was rendered arbitrary and capricious by an AIDA Board member's refusal to recuse herself based on an alleged conflict of interest. To the extent that such contention is properly before us, we reject it as without merit. At most, petitioners established that the Board member may have made " 'expressions of personal opinion' . . . on matters of public concern[,]" which are insufficient to constitute a basis for finding a conflict of interest (*Matter of Pittsford Canalside Props., LLC v Village of Pittsford*, 137 AD3d 1566, 1568, *lv dismissed* 27 NY3d 1080).

We reject respondents' contention that the court erred in denying AIDA's request for attorney's fees. It is well established that a court should not infer a party's intention to waive the benefit of the general rule that parties are responsible for their own attorney's fees "unless the intention to do so is unmistakably clear from the language of the promise" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 492). The indemnification provision in AIDA's application form, upon which respondents rely, contains only general language that the "applicant shall be and is responsible for all expenses incurred by [AIDA] in connection with this application." We conclude that such broad language, which does not refer to litigation or attorney's fees, does not make it "unmistakably clear" that the parties intended that petitioners must indemnify AIDA for attorney's fees arising from the instant litigation (*id.; see Parkway Pediatric & Adolescent Medicine LLC v Vitullo*, 72 AD3d 1513, 1513).

Entered: February 3, 2017                    Frances E. Cafarell
                                             Clerk of the Court