Matter of Stafford v Incorporated Vil. of Rockville Ctr. (2022 NY Slip Op 06131)

Matter of Stafford v Incorporated Vil. of Rockville Ctr.

2022 NY Slip Op 06131

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-11376
 (Index No. 230/18)

[*1]In the Matter of Christopher Stafford, etc., appellant, et al., petitioner/plaintiff, 
v
Incorporated Village of Rockville Centre, et al., respondents.

Scott Michael Mishkin, P.C., Islandia, NY (Paul A. Carruthers of counsel), for appellant.
Jackson Lewis P.C., Melville, NY (Adam G. Guttell and Mary-Ann P. Czak of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the respondents/defendants dated February 15, 2018, terminating the probationary employment of the petitioner/plaintiff Christopher Stafford as a police officer, and action for injunctive relief, the petitioner/plaintiff Christopher Stafford appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), dated August 19, 2019. The order, insofar as appealed from, in effect, upon renewal, adhered to a prior determination in a judgment of the same court dated June 4, 2018, denying the petition and dismissing the proceeding/action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The petitioner/plaintiff Christopher Stafford (hereinafter the petitioner) was employed by the respondent/defendant Incorporated Village of Rockville Centre as a police officer. As part of his employment, the petitioner was required to satisfy a probationary period that was set to end on March 9, 2018. On February 10, 2018, the petitioner was arrested and charged, inter alia, with violation of Penal Law § 250.45(5). In a letter dated February 15, 2018, the Village informed the petitioner that his employment was terminated effective March 1, 2018.
The petitioner commenced this hybrid proceeding pursuant to CPLR article 78 to review the determination of the respondents/defendants (hereinafter the respondents) terminating his probationary employment and action seeking related injunctive relief. The petitioner alleged that the respondents' determination terminating his probationary employment based upon the arrest was made in violation of lawful procedure, affected by error of law, arbitrary and capricious, and an abuse of discretion. In a judgment dated June 4, 2018, the Supreme Court denied the petition and dismissed the proceeding/action.
The petitioner subsequently moved, inter alia, pursuant to CPLR 2221(e) for leave to renew. He argued that the dismissal of the criminal charges filed against him, which occurred after this proceeding/action was dismissed, was a new fact not offered in support of the petition/complaint that would change the prior determination. In an order dated August 19, 2019, the Supreme Court, in effect, granted leave to renew and, upon renewal, adhered to the prior [*2]determination, concluding that the evidence demonstrating that the criminal charges were dismissed did not establish that the respondents' decision to terminate the petitioner's probationary employment was made in bad faith or was arbitrary and capricious. The petitioner appeals.
Upon renewal, the Supreme Court properly adhered to the prior determination denying the petition and dismissing the proceeding/action. However, we affirm on a ground different from that relied upon by the court. The petitioner improperly moved pursuant to CPLR 2221(e) for leave to renew. "Since 'a judgment dismissing a CPLR article 78 petition is a final judgment terminating the proceeding,' CPLR 2221 is not the proper procedural mechanism to address the judgment" (Matter of Franco Belli Plumbing & Heating & Sons, Inc. v New York City Sch. Constr. Auth., 142 AD3d 1011, 1011, quoting Matter of McCabe v Town of Clarkstown Bd. of Appeals, 31 AD3d 451, 452; see Matter of Synergy, LLC v Kibler, 124 AD3d 1261, 1262; Maddux v Schur, 53 AD3d 738, 739; Matter of Curry v Vertex Restoration Corp., 252 AD2d 360; Matter of Reed v County of Westchester, 243 AD2d 714, 714-715).
The petitioner's remaining contention need not be reached in light of our determination.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court