**ARK644 Doe v Archdiocese of N.Y.**

2024 NY Slip Op 30921(U)

March 19, 2024

Supreme Court, New York County

Docket Number: Index No. 951179/2021

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. SABRINA KRAUS**      PART      **57M**

*Justice*

-------------------------------------------------------------------------X

ARK644 DOE,

                Plaintiff,

            - v -

ARCHDIOCESE OF NEW YORK, DIOCESE OF
BROOKLYN, ST. FRANCES DE CHANTAL, DOES 1-5
WHOSE IDENTITIES ARE UNKNOWN TO PLAINTIFF,

                Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 951179/2021 |
| **MOTION DATE** | 11/27/2023 |
| **MOTION SEQ. NO.** | 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 95, 96, 97, 98, 99, 101, 102, 103, 104, 105, 106

were read on this motion to/for        RENEW/REARGUE/RESETTLE/RECONSIDER   .

## BACKGROUND

Plaintiff commenced this action pursuant to The Child Victim's Act seeking damages for alleged sexual abuse he suffered when he was between the ages of 6 and 9 years old, at the hands of Father Leo J. Courcy ("Courcy"), a Roman Catholic cleric alleged to have been employed by the Archdiocese, Diocese of Brooklyn, Diocese of Burlington, and St. Frances De Chantal.

## ALLEGED FACTS

Plaintiff alleges the following facts in the motion papers, some of which are contested by the Burlington Diocese.

Courcy was a priest employed by Burlington Diocese from ordination when he became a priest until his removal from the priesthood in 2009. Even before Courcy's ordination, Burlington Diocese was aware that Courcy was not suited to work with children. The Burlington Diocese ordained Courcy in New York in 1962.

**951179/2021  DOE, ARK644 vs. ARCHDIOCESE OF NEW YORK ET AL**        **Page 1 of 7**
**Motion No.  005**

1 of 7

Courcy began ministering in Vermont on May 19, 1962. Just 3 days later, a report was written indicating that Courcy had difficulty collaborating with those of his own age and was hyper focused on working with youth.

By January 1965, Burlington Diocese sent Courcy for treatment at the Institute of Living, one of the primary treatment centers in the U.S. for Catholic priests who sexually abused children. Defendant paid for this hospitalization.

In 1966, several doctors at the Institute informed the Bishop that Courcy was not equipped for teaching and counseling students, and that teaching or parish work was not best for Courcy.

In September 1965, Courcy was admitted to the Fanny Allen Hospital for several months. Courcy was then admitted to the Psychiatric Department of DeGosebriand Hospital.

Defendant allowed Courcy to continue to present himself as a priest, celebrate Mass, and work with parishioners during this time, despite its own concerns, and the concerns of the doctors treating Courcy.

In 1966, for unspecified reasons, Courcy was terminated from a parish assignment and sent to Via Coeli/Servants of the Paraclete—another well-known treatment facility for priests who had sexually abused children.

Courcy was told he must remain at this treatment facility indefinitely until the Bishop personally authorized Courcy to leave.

The Chancellor of Burlington Diocese informed one of the priests at Servants of the Paraclete that Courcy should be removed completely from all communication, especially with young people.

One of Courcy's doctors acknowledged that Courcy had psychosexual disturbances.

**951179/2021   DOE, ARK644 vs. ARCHDIOCESE OF NEW YORK ET AL**          **Page 2 of 7**
**Motion No. 005**

2 of 7

In 1967, the Bishop of Burlington Diocese acknowledged that Courcy should not be counseling students but would consider leave to work outside the diocese. One of the priests at the treatment center warned Burlington Diocese that he is not convinced that Courcy could return to full ministry.

Nevertheless, during this time, Courcy ministered in Santa Fe and El Paso.

The Chancellor of Burlington Diocese was informed that the Archbishop of Santa Fe advised Courcy to return to Servants of the Paraclete because his work was unsatisfactory.

In 1969, Courcy was again admitted to the Servants of the Paraclete. The Bishop of Burlington Diocese wrote a letter to Courcy reprimanding him and acknowledging Courcy's psychosocial or psychiatric problems.

In 1970, the Bishop of Defendant wrote a letter to one of the priests working at the Servants of the Paraclete to see if he knew of any other dioceses wanting to take Servants of the Paraclete guests, like Courcy, during their recovery period.

In 1971, Defendant sent Courcy to the Archdiocese of Ottawa and informed Burlington Diocese parishioners that Courcy had always had serious problems, both in the Burlington Diocese and in other dioceses.

In 1974, Defendant sent Courcy to Fordham University in New York to get his degree in Religious Education.

In 1975, Courcy wrote a letter to the Bishop of Burlington Diocese seeking to be assigned in Burlington Diocese. The Bishop responded that it was preferable for Courcy to not take up duties in Burlington Diocese again because Courcy's problems were disturbing.

In 1979, the Bishop of Burlington Diocese gave the Vice Chancellor of the Diocese of Brooklyn his permission for Courcy to work in New York and informed him that "Priests on the

**951179/2021   DOE, ARK644 vs. ARCHDIOCESE OF NEW YORK ET AL**                    **Page 3 of 7**
**Motion No.  005**

3 of 7

Personnel Board of the Diocese of Burlington consistently advised me to allow Father Courcy to serve outside the diocese because he can be a source of disturbance within. Every place that he has been – and there have been several – the history is the same." The Bishop acknowledged that Courcy had proven to be a very disruptive influence in a smaller diocese, where the number of people is small and stories are rapidly passed from one to another.

The Bishop also informed the Diocese of Brooklyn that it would be wise to have someone check in on Courcy periodically every now and then to take prompt action when difficulties arose, advising that Courcy's past record would support prompt action

In the early 1980s, Courcy asked to come back to Burlington Diocese, but the Bishop denied these requests and explicitly told Courcy that it was best for him to stay in the Diocese of Brooklyn, away from Vermont, based upon the recommendation of the Diocesan Personnel Board.

The alleged abuse in this case occurred between 1981 and 1984.

## PROCEDURAL HISTORY

On October 29, 2021, Burlington Diocese brought a Motion to Dismiss for lack of personal jurisdiction, which the court (Love, J) denied.

On March 13, 2023, Defendant moved to renew its Motion to Dismiss based upon a Southern District of New York case applying the 12(b)(2) federal motion to dismiss standard, *Edwardo v. Roman Catholic Bishop of Providence*, 579 F. Supp. 3d 456 (S.D.N.Y. 2022). The court (Love, J) granted the motion to renew and dismissed the Burlington Diocese from this case on July 31, 2023.

Plaintiff filed a Notice of Appeal on September 29, 2023.

**951179/2021   DOE, ARK644 vs. ARCHDIOCESE OF NEW YORK ET AL**               **Page 4 of 7**
**Motion No.  005**

4 of 7

## THE PENDING MOTION

On December 20, 2023, Plaintiff moved for an order pursuant to CPLR §2221 seeking to renew and vacate the July 31, 2023 order granting Defendant's motion to dismiss.

Plaintiff's motion is primarily based on this Court's October 5, 2023 decision in *ARK301 Doe v. Diocese of Brooklyn et. al.*, Index No. 512965/2020

In that case, this Court granted a motion to reargue Judge Love's dismissal of the action against Burlington Diocese and granted plaintiff's request for jurisdictional discovery. That action concerns the same defendant, Burlington Diocese, and arises out of conduct by the same perpetrator, Courcy.

In granting the motion for reargument in that case, this Court held Justice Love had erred in finding that *Edwardo* was binding precedent, that *Eduardo* was factually distinguishable from the case at bar, and that the underlying decision failed to address the request for jurisdictional discovery.

In both actions Justice Love was clear he did not agree with the holding in *Eduardo*:

> While this Court disagrees with the (*Eduardo*) holding and would frankly prefer a different outcome as, accepting all of plaintiff's allegations as true, the Diocese of Burlington knew of Courcy's dangerous propensities and, in its control of Courcy, transferred him to New York, where he did allegedly abuse plaintiff, then the Diocese of Burlington should reasonably expect to be called into court in New York. Justice calls out for the Diocese of Burlington to be subject to discovery and address this matter on the merits rather then short circuiting the process.

However, there is no motion pending before this Court for reargument, as there was in the related action, rather here Plaintiff seeks renewal, arguing that this Court's decision in the related action constitutes a clarification in decisional law that supports renewal pursuant to CPLR §2221(e).

**951179/2021   DOE, ARK644 vs. ARCHDIOCESE OF NEW YORK ET AL**          **Page 5 of 7**
**Motion No.  005**

5 of 7

This Court does not find said decision to be a basis for renewal nor can this Court's prior decision in the related action reasonably be considered to be a clarification of decisional law.

CPLR §2221 is an inappropriate vehicle to vacate a judgment. *Maddux v. Schur*, 53 A.D.3d 738, 739 (2008). CPLR §2221(e) is not directed at final orders or judgments.

While, CPLR §5015(a)(2) applies to final orders and final judgments in actions, Plaintiff's application can not properly be considered pursuant to CPLR §5015.

CPLR §2221(e)(2) permits renewal motions where there has been a change in the law while the action is still pending that would alter the court's prior motion determination. CPLR §5015(a)(2), by contrast, has no corresponding provision for changes in the law, as it speaks only to new factual evidence. The reason CPLR 5015(a)(2) is restricted to new evidence, without extending to changes in the law, is that if an order or judgment is final, a change in the law thereafter is of no value to an aggrieved party. N.Y. C.P.L.R. 5015 (McKinney).

Based on the foregoing, the court is constrained to deny the motion.

WHEREFORE it is hereby:

ORDERED that plaintiff's motion for renewal and to vacate the July 31, 2023 is denied in its entirety; and it is further

ORDERED that counsel for the remaining parties appear for a virtual compliance conference on April 15, 2024, at 11:30 am; and it is further

ORDERED that, within 20 days from entry of this order, plaintiff shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for*

**951179/2021   DOE, ARK644 vs. ARCHDIOCESE OF NEW YORK ET AL**       **Page 6 of 7**
**Motion No.  005**

6 of 7

[* 6]

*Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the addresswww.nycourts.gov/supctmanh);].

This constitutes the decision and order of the court.

20240319143208SBKRAUS059439D75E624A3D92A9DDD777515313

| 3/19/2024 | SABRINA KRAUS, J.S.C. |
|-----------|----------------------|
| DATE | |

CHECK ONE:

| | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|
| | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |

APPLICATION:

| | SETTLE ORDER | | SUBMIT ORDER |

CHECK IF APPROPRIATE:

| | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**951179/2021   DOE, ARK644 vs. ARCHDIOCESE OF NEW YORK ET AL**
**Motion No.  005**

Page 7 of 7

7 of 7

[* 7]