Matter of Mulhern v Touro Coll. (2024 NY Slip Op 01926)

Matter of Mulhern v Touro Coll.

2024 NY Slip Op 01926

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-00605
 (Index No. 610321/21)

[*1]In the Matter of Edwin T. Mulhern, appellant,
v
Touro College, etc., respondent.

Aidala, Bertuna & Kamins, P.C., New York, NY (John M. Leventhal of counsel), for appellant.
Meyer, Suozzi, English & Klein, P.C., Garden City, NY (Paul F. Millus of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent to reinstate the petitioner as a student, the petitioner appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered January 21, 2022. The order denied that branch of the petitioner's motion which was pursuant to CPLR 2221 for leave to renew the petition, which had been denied in a judgment of the same court entered November 15, 2021.
ORDERED that the order is affirmed, with costs.
In August 2021, the petitioner, a law student dismissed from the respondent, a law school, commenced this proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent to reinstate him as a student. The petitioner alleged, among other things, that his dismissal was "arbitrary, without regard to [the respondent's] rules, and not made in good faith." In a judgment entered November 15, 2021, the Supreme Court denied the petition and, in effect, dismissed the proceeding on the ground that the petitioner had failed to comply with the alternative dispute resolution provision in the student handbook requiring, inter alia, that disputes related to the dismissal of a student be submitted to nonbinding mediation and then, if necessary, to arbitration. Thereafter, the petitioner moved, among other things, pursuant to CPLR 2221 for leave to renew the petition. In the order appealed from, the court denied that branch of the petitioner's motion, and the petitioner appeals.
Contrary to the petitioner's contention, the Supreme Court properly denied that branch of the petitioner's motion which was pursuant to CPLR 2221 for leave to renew his petition, which had been denied in the judgment entered November 15, 2021. "Since a judgment dismissing a CPLR article 78 petition is a final judgment terminating the proceeding, CPLR 2221 is not the proper procedural mechanism to address the judgment" (Matter of Franco Belli Plumbing & Heating & Sons, Inc. v New York City Sch. Constr. Auth., 142 AD3d 1011, 1011 [internal quotation marks omitted]; see Matter of McCabe v Town of Clarkstown Bd. of Appeals, 31 AD3d 451, 452). Even assuming the petitioner's motion could be construed as one to vacate the judgment pursuant to CPLR 5015(a)(2) based upon newly-discovered evidence (see Matter of Synergy, LLC v Kibler, 124 AD3d [*2]1261, 1262), the petitioner failed to demonstrate, among other things, that the evidence offered in support of the motion would probably have produced a different result with respect to the finding that the petitioner failed to pursue the alternative dispute resolution process, as required by the student handbook (see Matter of McCabe v Town of Clarkstown Bd. of Appeals, 31 AD3d at 452; see generally HSBC Bank USA v Lozovskiy, 206 AD3d 701, 702).
The petitioner's remaining contentions either are not properly before this Court or need not be reached in light of our determination.
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court