■ In the Matter of PHILIP S. GREENHAUS, Petitioner, v JOHN A. MILANO, as Justice of the Supreme Court of the State of New York, et al., Respondents. [661 NYS2d 664] —Proceeding pursuant to CPLR article 78 in the nature of mandamus, *inter alia,* to compel the respondents to sign an order to show cause submitted by Susan Geller in a matrimonial action in the Supreme Court, Queens County, under Index No. 838/90, entitled *Geller v Geller.*

Motion by the respondents to dismiss the proceeding.

Upon the petition and papers filed in support of the proceeding, and the papers filed in opposition thereto and in support of the motion, it is

Ordered that the motion to dismiss the proceeding is granted; and it is further,

Adjudged that the proceeding is dismissed, without costs or disbursements.

In a matrimonial action entitled *Geller v Geller* (Index No. 838/90), a judgment dated February 9, 1996, awarded sole custody of the parties' son, Joshua, to the father, Martin Geller.

Approximately 10 months later, the child's mother, Susan Geller, who is represented by the petitioner Philip Sherwood Greenhaus, submitted an order to show cause for signature seeking, *inter alia,* a change of custody from the father to her, on the ground that the father had substantially interfered with her visitation rights. The respondents in this proceeding, a

Justice and a Judicial Hearing Officer of the Supreme Court of the State of New York, respectively, refused to sign the order to show cause.

The petitioner then commenced the instant proceeding pursuant to CPLR article 78 in the nature of mandamus, *inter alia*, to compel the respondents to sign the mother's order to show cause. The petitioner argues that since the Legislature has mandated that an application to modify an award of custody can be made only by order to show cause, and cannot be sought by notice of motion (*see*, Domestic Relations Law § 240 [1]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:25, at 103), the signing of the order to show cause here constituted merely a ministerial act, and that mandamus to compel is therefore appropriate. We disagree.

The petitioner's argument, if accepted, would totally remove the exercise of discretion from the judiciary in precisely those situations where the Legislature is of the view that judicial oversight is crucial. Any other holding would inevitably foster frivolous applications by way of orders to show cause from litigants intent on harassing their adversaries. Although the order to show cause submitted by the mother here cannot be deemed frivolous, the mother has an adequate remedy to the respondents' refusal to sign her order to show cause, by application to this Court pursuant to CPLR 5704 (a).

Accordingly, the instant mandamus proceeding must be dismissed (*see generally, Matter of Legal Aid Socy. v Scheinman*, 53 NY2d 12, 16). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.