Cypress Hills Mgt., Inc. v Lempenski (2019 NY Slip Op 04677)





Cypress Hills Mgt., Inc. v Lempenski


2019 NY Slip Op 04677


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2018-06227
 (Index No. 508900/14)

[*1]Cypress Hills Management, Inc., et al., respondents,
v
Robert J. Lempenski, appellant.


Warren S. Hecht, Forest Hills, NY, for appellant.
The Law Offices of Peter Sverd, PLLC, New York, NY, for respondents.



DECISION & ORDER
In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated April 17, 2018. The order denied the defendant's motion to vacate his default.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a determination of the motion on the merits.
After defaulting in this action, the defendant attempted to move by order to show cause to vacate his default, asserting that the Supreme Court did not have jurisdiction over him because he had never been served. The Supreme Court, Kings County (Devin P. Cohen, J.), did not sign the order to show cause, but nevertheless purported to deny the application on the merits in an order dated July 5, 2017. The defendant then filed a second order to show cause, seeking the same relief as his prior application. The Supreme Court, Kings County (Lawrence Knipel, J.), signed the order to show cause and allowed the motion to proceed. However, the court subsequently denied the motion on the ground that it could not overrule the decision of another Supreme Court Justice. The defendant appeals.
By declining to sign the first order to show cause, Justice Cohen, in effect, refused to permit the defendant to bring on that motion seeking to vacate his default. Consequently, the order dated July 5, 2017, purporting to deny that motion on the merits, was improper because there was no pending motion. While the defendant could have sought to have this Court review Justice Cohen's refusal to sign the order to show cause (see CPLR 5704[a]; Matter of Greenhaus v Milano , 242 AD2d 383), he instead chose to simply re-apply for an order to show cause before a different Supreme Court Justice. One Supreme Court Justice should not sign an order to show cause refused by a colleague, assuming that the supporting papers are the same. Nevertheless, under the circumstances of this case, the order to show cause having been signed by a different Supreme Court Justice, the motion thus allowed should have been determined on its merits as the order dated July 5, 2017, did not represent the determination of a prior motion by a Justice of coordinate jurisdiction.
The procedural morass which occurred here is the result of two fundamental errors. [*2]First, a court which declines to sign an order to show cause, and thus refuses to allow that motion to be made, should not proceed to act as if the motion had in fact been made. If the court declines to sign an order to show cause, that is all it should do. Second, a remedy of a party whose proposed order to show cause has been refused is to seek relief from the Appellate Division pursuant to CPLR 5704(a). The remedy is not to simply re-submit the same application to the same or a different Supreme Court Justice.
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court