Chi Young Lee v Osorio (2020 NY Slip Op 03186)





Chi Young Lee v Osorio


2020 NY Slip Op 03186


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Friedman, J.P., Kapnick, Kern, Singh, González, JJ.


11599 116651/04

[*1] Chi Young Lee as Father and Natural Guardian of Merrick Lee, etc., et al., Plaintiffs-Respondents,
v
Snezana N. Osorio, M.D., et al., Defendants, New York Presbyterian Hosp. Weill Cornell Campus, Defendant-Appellant, New York City Human Resources Administration, Nonparty Respondent.

Stuart S. Perry, P.C., New York (Franklin P. Solomon of the bar of the State of New Jersey and Commonwealth of Pennsylvania, admitted pro hac vice of counsel) and (Stuart S. Perry of counsel), for appellant.
Vishnick McGovern Milizio LLP, Lake Success (Andrew A. Kimler of counsel), for Chi Young Lee, respondent.
Emmet, Marvin & Martin, LLP, New York (Mordecai Geisler of counsel), for BNY Mellon, N.A., respondent.
James E. Johnson, Corporation Counsel, New York (Eric Lee of counsel), for New York City Human Resources Administration, respondent.


Appeal from order, Supreme Court, New York County (Joan A. Madden, J.), entered April 29, 2019, which declined to sign defendant's order to show cause, unanimously dismissed, without costs, as taken from a nonappealable order.
No appeal lies from an order declining to sign an order to show cause, since it is an ex parte order that does not decide a motion made on notice (CPLR 5701[a][2]; Sholes v Meagher, 100 NY2d 333 [2003]; Kalyanaram v New York Inst. of Tech., 91 AD3d 532 [1st Dept 2012]). To the extent defendant seeks review of the ex parte order pursuant to CPLR 5704, such relief is denied. Review under CPLR 5704 would not, in any event, address the merits of the motion defendant sought to make by order to show cause (see Cypress Hills Mgt., Inc. v Lempenski, 173 AD3d 830, 831 [2d Dept 2019]).
To the extent defendant contends that we should review the order or grant leave to appeal in the interest of justice, we decline to do so. This Court has already found that the settlement agreement in this matter obligated defendant to " assume full responsibility'" for any Medicaid claim arising from the infant's hospitalization (Commissioner of the Dept. of Social Servs. of the City of N.Y. v New York-Presbyt. Hosp., 164 AD3d 93, 94 [1st Dept 2018], lv denied 33 NY3d 901 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK