Commissioner of the Dept. of Social Servs. of the City of N.Y. v New York-Presbyt. Hosp. (2020 NY Slip Op 07452)





Commissioner of the Dept. of Social Servs. of the City of N.Y. v New York-Presbyt. Hosp.


2020 NY Slip Op 07452


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Friedman, J.P., Kapnick, Webber, Kern, Singh, JJ. 


Index No. 450714/14 Appeal No. 12594 Case No. 2020-01486 

[*1]Commissioner of the Department of Social Services of the city of New York, Plaintiff-Respondent,
v
New York-Presbyterian Hospital, Defendant-Appellant, Chi Young Lee as Co-Trustee of The Merrick Lee Supplemental Needs Irrevocable Trust et al., Defendants.


Stuart S. Perry, P.C., New York (Stuart S. Perry and Franklin Solomon, of the bar of the State of New Jersey and the State of Pennsylvania, admitted pro hac vice, of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Jesse A. Townsend of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about July 30, 2019, which granted plaintiff's motion to enter judgment in its favor and against defendant New York-Presbyterian Hospital in the amount of $4,887,243.99, together with interest of 9% per annum from April 3, 2014, and denied defendant's cross motion to void and reopen the final accounting of the subject supplemental needs trust and direct a hearing to determine the proper allocation of payments due and the proper termination of the trust, unanimously modified, on the law, to delete the direction that interest be calculated at the rate of 9% per annum from April 3, 2014, and substitute therefor the direction that interest be calculated in accordance with 18 NYCRR 518.4, and otherwise affirmed, without costs.
Defendant's obligation pursuant to a settlement agreement to reimburse plaintiff for any monies paid to it by Medicaid was resolved in the prior appeal (Commissioner of the Dept. of Social Servs. of the City of N.Y. v New York-Presbyt. Hosp., 164 AD3d 93 [1st Dept 2018], lv denied 33 NY3d 901 [2019]). It is now the law of the case (Delgado v City of New York, 144 AD3d 46, 51 [1st Dept 2016]). Defendant had a full and fair opportunity to challenge plaintiff's entitlement to the full amount sought in recoupment  $4,887,243.99  in that appeal and is precluded from relitigating the issue (id.). In any event, this Court found that the plain language of the settlement agreement obligated defendant to "assume full responsibility" for any Medicaid claim arising from the infant's hospitalization, without qualification (Commissioner v New York-Presbyt. Hosp., 164 AD3d at 94; Chi Young Lee v Osorio, 184 AD3d 417 [1st Dept 2020]).
As the recoupment sought by plaintiff qualifies as a Medicaid "overpayment" under 18 NYCRR 518.1(c), the interest on the principal sum awarded to plaintiff must be calculated "at the rate and in the manner set forth in this section" (18 NYCRR 518.4).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020