Matter of Andrew G. (Elizabeth G.--Jefferson P.) (2021 NY Slip Op 00940)





Matter of Andrew G. (Elizabeth G.--Jefferson P.)


2021 NY Slip Op 00940


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


128 CAF 19-01543

[*1]IN THE MATTER OF ANDREW G. AND JONATHON P. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; ELIZABETH G., RESPONDENT, AND JEFFERSON P., RESPONDENT-APPELLANT.






THEODORE W. STENUF, MINOA, FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (YVETTE VELASCO OF COUNSEL), FOR PETITIONER-RESPONDENT.
MICHAEL J. KERWIN, SYRACUSE, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Onondaga County (Julie A. Cecile, J.), entered July 15, 2019 in a proceeding pursuant to Family Court Act article 10. The order, among other things, determined that respondent Jefferson P. neglected one of the subject children and derivatively neglected the other subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this Family Court Act article 10 proceeding, respondent father appeals from an order that, inter alia, determined that he neglected the older subject child and derivatively neglected the younger subject child. We affirm. Family Court's determination is supported by the requisite preponderance of the evidence (see Matter of Bryan O. [Zabiullah O.], 153 AD3d 1641, 1642 [4th Dept 2017]). Contrary to the father's contention, the older child's out-of-court statements were sufficiently corroborated (see id.). Contrary to the father's further contention, the court properly drew a negative inference from his failure to testify, notwithstanding the factually related criminal charges pending against him (see Matter of Karime R. [Robin P.], 147 AD3d 439, 441 [1st Dept 2017]; Matter of Jenny N., 262 AD2d 951, 952 [4th Dept 1999]). The father's remaining contentions do not warrant reversal or modification of the order.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court