Matter of Alliance to End Chickens as Kaporos v New York City Police Dept. (2022 NY Slip Op 00041)





Matter of Alliance to End Chickens as Kaporos v New York City Police Dept.


2022 NY Slip Op 00041


Decided on January 06, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 06, 2022

Before: Kern, J.P., Mazzarelli, Gesmer, González, Higgitt, JJ. 


Index No. 156730/15 Appeal No. 14981 Case No. 2020-03778 

[*1]In the Matter of Alliance to End Chickens as Kaporos, etc., et al., Petitioners/Plaintiffs-Appellants,
v
New York City Police Department, et al., Respondents/Defendants-Respondents, Central Yeshiva Tomchei Tmimim Lubavitz, Inc., et al., Defendants.


Nora Constance Marino, Great Neck, for appellants.
Georgia M. Pestana, Corporation Counsel, New York (Antonella Karlin of counsel), for respondents.



Appeal from order, Supreme Court, New York County (Debra A. James, J.), entered on or about August 20, 2020, which declined to sign plaintiffs' order to show cause to renew the City defendants' motion to dismiss the proceeding and the conversion of the plenary action to a CPLR article 78 proceeding, unanimously dismissed, without costs, as taken from a nonappealable paper.
No appeal lies from an order declining to sign an order to show cause, since it is an ex parte order that does not decide a motion made on notice (see CPLR 5701[a][2]; Chi Young Lee v Osorio, 184 AD3d 417 [1st Dept 2020]; Kalyanaram v New York Inst. of Tech., 91 AD3d 532, 532 [1st Dept 2012]).
No party requests that we consider relief under CPLR 5704(a). In any event, we note that Supreme Court providently exercised its discretion in declining to sign plaintiffs' proposed order to show cause (see Matter of Greenhaus v Milano, 242 AD2d 383, 384 [2d Dept 1997]). Plaintiffs sought to bring on a motion to renew an order that denied the petition and dismissed the proceeding, thus terminating the special proceeding. Renewal is not available under such circumstances (see Maddux v Schur, 53 AD3d 738 [3d Dept 2008]). Instead, an application to vacate a final judgment must be brought pursuant to CPLR 5015 (see Matter of Voelker, 191 AD3d 1426, 1427 [4th Dep 2021]; Matter of McCabe v Town of Clarkstown Bd. of Appeals, 31 AD3d 451, 452 [2d Dept 2006]). This principle applies specifically in the context of a challenge to "a judgment dismissing a CPLR article 78 petition" (McCabe, 31 AD3d at 452).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2022