Matter of Spence v Strauss Park Realty, LLC (2022 NY Slip Op 06894)

Matter of Spence v Strauss Park Realty, LLC

2022 NY Slip Op 06894

Decided on December 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 06, 2022

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Kennedy, Shulman, JJ. 

Index No. 156041/20 Appeal No. 16809-16809A Case No. 2021-02174, 2021-02194 

[*1]In the Matter of Adam Spence et al., Petitioners-Respondents,
v
Strauss Park Realty, LLC, Respondent-Appellant.

Novick Edelstein Pomerantz P.C., Yonkers (Lawrence Schiro of counsel), for appellant.
Belkin Burden Goldman, LLP, New York (Matthew S. Brett of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (Arthur F. Engoron, J.), entered May 6, 2021, which, to the extent appealed from, declined to direct petitioners to pay respondent a license fee, legal and other costs, and post a bond, in connection with the directed access to respondent's property to repair or replace a retaining wall located on their shared property line, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about April 29, 2021, which declined to sign respondent's order to show cause to disqualify petitioners' counsel, unanimously dismissed, without costs, as taken from a nonappealable order.
Petitioners commenced this special proceeding pursuant to RPAPL 881 for an order granting them a license to enter the adjoining property owned by respondent in order to repair a deteriorated retaining wall that sits on the property line between respondent's and petitioner's properties and benefits both owners. Petitioners' property consists of a house with a rear yard. Respondent's property consists of a multifamily building with a small yard. Respondent's adjoining property is situated at a significantly lower grade than petitioners' property and, as a result, a retaining wall was erected between the yards. Petitioners alleges that the retaining wall is now significantly deteriorated and dilapidated. To repair the wall, petitioners need access through and into the rear yard of respondent's adjoining property.
The court providently exercised its discretion in granting the license but denying respondent's request for license fees, legal fees, costs, and expenses, and by not requiring petitioners to post a bond. "RPAPL 881 gives the motion court the discretion to craft an appropriate remedy 'upon such terms as justice requires'" (Matter of Tsoumpas 1105 Lexington Equities, LLC v 1109 Lexington Ave. LLC, 189 AD3d 524, 525 [1st Dept 2020]). Here, petitioner established the need to gain entry to respondent's property; the court required petitioners to front the cost of the repairs or replacement of the wall and obtain insurance to cover respondent; respondent fails to raise any claim that the project substantially interfered with its use and enjoyment of the backyard space; and the court severed determination of the allocation of the costs of the wall, which might be a shared responsibility between the parties under section 211 of the 1916 New York City Building Code.
Respondent also appeals from the court's refusal to sign its order to show cause to disqualify petitioners' counsel. "No appeal lies from an order declining to sign an order to show cause, since it is an ex parte order that does not decide a motion made on notice" (Matter of Alliance to End Chickens as Kaporos v New York City Police Dept., 201 AD3d 431, 431 [1st Dept 2022]; CPLR 5701[a]). Nor does respondent request that
this Court review the motion court's refusal to sign the order to show cause pursuant to CPLR 5704(a).[*2] THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 6, 2022