| Daper Realty, Inc. v Pizzimenti |
|:---:|
| 2024 NY Slip Op 33587(U) |
| October 7, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155325/2020 |
| Judge: Emily Morales-Minerva |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. EMILY MORALES-MINERVA**       PART       **42M**

*Justice*

-------------------------------------------------------------------X

DAPER REALTY, INC.

Plaintiff,

- v -

CHRISTOPHER PIZZIMENTI,

Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155325/2020 |
| MOTION DATE | 03/28/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93

were read on this motion to/for _____AMEND CAPTION/PLEADINGS_____.

APPEARANCES:

Kucker Marino Winiarsky & Bittens, LLP, New York, New York (Evelyn P. Flores, Esq., of counsel) for plaintiff.

Jimmy Wagner, Attorney at Law, Brooklyn, New York (Jimmy F. Wagner, Esq., of counsel) for defendant.

HON. EMILY MORALES-MINERVA:

In this action for breach of a guaranty, DAPER REALTY, INC., moves -- post judgment -- for, among other things, leave to amend the damages clause of its complaint (see CPLR 3025[b])[1] and leave to renew its application for a money judgment (see CPLR 2221[e]).[2] Defendant CHRISTOPHER PIZZIMENTI submits opposition, and the court denies the motion entirely.

------------------------------

[1] Rule 3025 (b) of the CPLR governs amendment of pleadings by leave of court.
[2] Rule 2221 (e) of the CPLR governs motions affecting prior orders.

**155325/2020 DAPER REALTY, INC. vs. PIZZIMENTI, CHRISTOPHER**      Page 1 of 7
Motion No. 003

1 of 7

[* 1]

BACKGROUND

Plaintiff DAPER REALTY, INC. (owner/landlord) is the owner and landlord of a commercial property located at 1089 Second Avenue New York, New York 10002 (see NY St Cts Elec Filing [NYSCEF] Doc. No. 001, Complaint, at ¶2). On September 9, 2014, Al Horno Lean Mexican 57, Inc. (tenant) and owner/landlord executed a ten-year lease of the ground floor and basement of said premises (see id. at ¶3). Said commercial lease included a "Guaranty" in which defendant CHRISTOPHER PIZZIMENTI (guarantor) personally guaranteed the commercial lease obligations of tenant, including tenant's monetary obligations (see id. at ¶ 6 - 7).

Tenant failed to pay rent from February 2020 through July 2020, and guarantor did not cover tenant's obligation under the lease. Consequently, owner/landlord commenced this action against guarantor for breach of the guaranty agreement, seeking payment of rental arrears, additional rent, and attorneys' fees.[3]

Guarantor filed an answer, and owner/landlord filed a motion (seq. no. 001), pursuant to CPLR § 3212, for an order granting it summary judgment and a money judgment against

_____

[3] Owner/landlord commenced a separate action against tenant Al Horno Lean Mexican 57, Inc. on August 20, 2021 (see Index No. 655100/2021), and sought to consolidate that action with the one at bar. However, the court (N. Bannon, J.S.C.) declined to consolidate the cases.

155325/2020  DAPER REALTY, INC. vs. PIZZIMENTI, CHRISTOPHER                Page 2 of 7
Motion No.  003

2 of 7

guarantor. Guarantor opposed the motion, and subsequently moved, by notice of motion (seq. no. 002) to amend his answer (see NYSCEF Doc. No. 37, Guarantor's Motion).

Thereafter, the court (N. Bannon, J.S.C.) issued a decision and order, holding guarantor liable for tenant's unpaid rent, outstanding real estate taxes, water and sewer charges, and late fees, and directing judgment in favor of owner/landlord and against guarantor "in the sum of $47,226.89, plus costs and statutory interest from February 1, 2020" (see NYSCEF Doc. No. 64, Decision and Order, dated October 19, 2023). In the same order, the court (N. Bannon, J.S.C.) denied guarantor's motion to amend his answer (id.).

Owner/landlord then submitted a proposed money judgment to the clerk of the court (see NYSCEF Doc. No. 67, Proposed Judgment), who entered judgment in favor of owner/landlord and against guarantor in "the sum of $47,226.89, with interest calculated at 9% per annum from February 1, 2020 on the principal sum of $47,226.89, in the amount of $16,419.43 together with costs and disbursements . . . amounting to the sum of $64,196.32" (NYSCEF Doc. No. 70, Judgment).

Thereafter -- in owner/landlord's related action against non-party tenant for breach of the subject lease -- the court (N. Bannon, J.S.C.), granted plaintiff an order of summary judgment and directed entry of judgment in favor of plaintiff

155325/2020  DAPER REALTY, INC. vs. PIZZIMENTI, CHRISTOPHER          Page 3 of 7
Motion No. 003

3 of 7

[* 3]

and against tenant in the amount of $1,059,925.83 (see NYSCEF Doc. No. 96, Decision and Order in Daper Realty, Inc. v Al Horno Lean Mexican 57, Inc., Index No. 655100/2021).

Owner/landlord then filed the instant motion (seq. no. 003) for leave to amend the damages clause of its complaint against guarantor, pursuant to CPLR § 3025 (b); to amend the complaint to conform the pleadings to the evidence, pursuant to CPLR § 3025(c); to renew its previous motion for entry of a money judgment, pursuant to CPLR § 2221 (e); and to increase its money judgment against guarantor from the principal sum of $47,226.89 to $1,059,925.83, pursuant to CPLR § 5019 (see NYSCEF Doc. No. 73, Notice of Motion, dated March 28, 2024).

Owner/landlord essentially argues it is entitled to said relief because tenant owes it $1,059,925.83 for breach of the lease and guarantor is liable for tenant's obligation under said lease. Guarantor submits opposition to the motion, and argues that, because the court (N. Bannon, J.S.C.) previously declined consolidation, "it would be highly prejudicial and unfair to [guarantor] for this court to hold him liable for damages which the court denied him an opportunity to defend" (NYSCEF Doc. No. 92, Guarantor's Opposition).

155325/2020 DAPER REALTY, INC. vs. PIZZIMENTI, CHRISTOPHER
Motion No. 003

Page 4 of 7

[* 4]

ANALYSIS

"In the absence of prejudice, a motion to amend the *ad damnum* clause, whether made before or after the trial, should generally be granted" (Heller v Louis Provenzano, Inc., 303 AD2d 20, 22 [1st Dept 2003] citing Loomis v Civetta Corinno Const. Corp., 54 NY2d 18 [1981]; see Brennan v City of New York, 99 AD2d 445 [1st 1984].

However, where -- as here, the clerk of the court entered and filed judgment, pursuant to CPLR §§ 5011 and 5016, and such judgment sets forth a specific sum of money -- the appropriate procedure for resolving any substantive issues is to seek vacatur of the judgment pursuant to CPLR § 5015 (see generally CPLR § 5015 [governing relief from a judgment or order, upon motion]; see also Woolfalk v New York City Hous. Auth., 36 AD3d 444 [1st Dept 2007] [providing trial courts have "no revisory or appellate jurisdiction to correct, by amendment, an error in substance affecting a final judgment"]; Mulhern v Touro College, 226 AD3d 788 [2d Dept 2024]). Owner/landlord fails to submit any case law or statutes permitting a different approach, under the circumstances presented.

Similarly, owner/landlord fails to provide legal support for its remaining applications. Contrary to its proposition, a motion to renew, pursuant to CPLR § 2221, is not the proper

155325/2020 DAPER REALTY, INC. vs. PIZZIMENTI, CHRISTOPHER
Motion No. 003

Page 5 of 7

[* 5]

procedural vehicle to address a final money judgment (see All. to End Chickens as Kaporos v New York City Police Dep't, 201 AD3d 431 [1st Dept 2022]; see also Curry v Vertex Restoration Corp., 252 AD2d 360 [1st Dept 1998]; Swope v Quadra Realty Trust, Inc., 28 Misc.3d 1209(A) [Sup Ct, NY County 2010] [providing that, once a decision and order "has been reduced to a final judgment and the time to appeal has expired, CPLR § 2221 (e) is not the proper vehicle to address that final judgment"]).

Owner/landlord's reliance on CPLR § 5019 (a) is also misplaced, as said statute governs a trial or appellate court's discretion to correct a mistake, defect or irregularity "not affecting a substantial right of a party" (see also Kiker v Nassau Cnty., 85 NY2d 879 [1995]; Newrez LLC v Morton, 212 AD3d 528 [1st Dept 2023]; Betts v Tsitirdis, 171 AD3d 573 [1st Dept 2019]). Here, owner/landlord is seeking a change in the underlying assessment of damages, which is beyond ministerial (see Indeck Energy Servs., Inc. v Merced Cap., L.P., 200 AD3d 455 [1st Dept 2021]).

Accordingly, it is

ORDERED that plaintiff DAPER REALTY, INC.'s motion (seq. no. 003) is denied in its entirety.

155325/2020  DAPER REALTY, INC. vs. PIZZIMENTI, CHRISTOPHER
Motion No. 003

Page 6 of 7

10/7/24
DATE

Emily Morales-Minerva
EMILY MORALES-MINERVA, J.S.C.

CHECK ONE: [X] CASE DISPOSED [ ] NON-FINAL DISPOSITION

[ ] GRANTED [X] DENIED [ ] GRANTED IN PART [ ] OTHER

APPLICATION: [ ] SETTLE ORDER [ ] SUBMIT ORDER

CHECK IF APPROPRIATE: [ ] INCLUDES TRANSFER/REASSIGN [ ] FIDUCIARY APPOINTMENT [ ] REFERENCE

155325/2020   DAPER REALTY, INC. vs. PIZZIMENTI, CHRISTOPHER                    Page 7 of 7
Motion No.  003

7 of 7

[* 7]