Silver Hgts. Dev. LLC v 972 La Forza Del Destino, LLC (2026 NY Slip Op 00033)

Silver Hgts. Dev. LLC v 972 La Forza Del Destino, LLC

2026 NY Slip Op 00033

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Renwick, P.J., Manzanet-Daniels, Gesmer, Higgitt, Michael, JJ. 

Index No. 654263/20 |Appeal No. 5515|Case No. 2025-01777|

[*1]Silver Heights Development LLC, et al., Respondents,
v972 La Forza Del Destino, LLC, et al., Appellants, Ralph Destino II, et al., Defendants.

McKinley Law, P.C., Lloyd Harbor (Shannon Cody McKinley of counsel), for appellants.
Braunstein Turkish, LLP, Woodbury (William J. Turkish of counsel), for respondents.

Appeal from order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered March 27, 2025, which declined to sign the order to show cause of defendants 972 La Forza Del Destino, LLC, 908 La Forza Del Destino, LLC, and Ralph Destino III for a protective order pursuant to CPLR 5240 to stay a sheriff's sale of real property located at 972 Noyac Path, Water Mill, New York, to satisfy a money judgment, unanimously dismissed, without costs, as taken from a nonappealable paper.
No appeal lies from an order declining to sign an order to show cause, since it is an ex parte order that does not decide a motion made on notice (see CPLR 5701[a][2]; Chi Young Lee v Osorio, 184 AD3d 417, 417-418 [1st Dept 2020]).
No party requests that we consider relief under CPLR 5704(a). In any event, we note that Supreme Court providently exercised its discretion in declining to sign defendants' proposed order to show cause. Defendants sought to stay a sheriff's sale pursuant to CPLR 5240 in connection with a money judgment against them. However, defendants had almost three years to satisfy the judgment in any manner possible, including by selling one or both properties, and the record indicates that defendant Ralph Destino III had several other residences available to him if the real property at 972 Noyac Path were sold.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026